USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
Lawrence Keith Bogar,                                        :
                                                             :
                                        Petitioner,          :   1:16-cv-7199-GHW
                                                             :
                      -against-                              :   MEMORANDUM
                                                             :   OPINION AND ORDER
Ameriprise Financial Services, Inc.,                         :
                                                             :
                                        Respondent.          :
                                                             :
------------------------------------------------------------ X

GREGORY H. WOODS, District Judge:

Petitioner Larry Bogar worked as a registered representative at Respondent Ameriprise Financial Services, Inc., a broker-dealer. When Mr. Bogar's employment ended in 2015, Ameriprise demanded payment of the outstanding balance on a loan it had made to him approximately two years earlier. Mr. Bogar did not repay the outstanding debt as demanded, and the matter proceeded to arbitration before the Financial Industry Regulatory Authority, which rendered an award in favor of Ameriprise. Mr. Bogar now moves to vacate the award under the Federal Arbitration Act on the basis that the arbitrator exceeded his powers. Ameriprise opposes Mr. Bogar's petition and moves to confirm the award. For the reasons stated below, Mr. Bogar's petition to vacate the award is DENIED and Ameriprise's motion to confirm the award is GRANTED.

I. INTRODUCTION

Petitioner Larry Bogar signed a promissory note in favor of his employer, Ameriprise Financial Services, Inc. ("Respondent" or "Ameriprise"), on August 1, 2013. *See* Verified Petition to Vacate Arbitration Award (Dkt. No. 1), Ex. A (the "Promissory Note"). The principal amount of the Promissory Note was $143,199, which Mr. Bogar agreed to repay at interest of 1.47% per annum, in monthly installments for nine years. *Id.* ¶ 1. The Promissory Note provided that, if Mr.

Bogar's employment with Ameriprise ended for any reason, the "unpaid principal balance of the principal sum, plus accrued interest, shall be due and payable as of the date of the termination." *Id.* ¶ 2. It is undisputed that Mr. Bogar's employment with Ameriprise ended on December 7, 2015, and that the outstanding balance due and owing under the Promissory Note at that time was $107,819.56.

Ameriprise demanded payment of the outstanding balance due and owing under the Promissory Note several times—on December 14, 21 and 30, 2015. *See* Declaration of Michael S. Taaffe (Dkt. No. 12-1), Ex. B. Mr. Bogar did not pay the amount demanded by Ameriprise and, following an exchange of correspondence with Mr. Bogar and his counsel, on February 23, 2016, Ameriprise commenced an arbitration before the Financial Industry Regulatory Authority ("FINRA"). *See id.* Ameriprise's FINRA Statement of Claim asserted four "counts": (1) "Breach of Promissory Note Dated August 1, 2013," (2) "Unjust Enrichment," (3) "Conversion of Loan Funds," and (4) "Attorneys' Fees and Costs." Petition, Ex. A. As pleaded, all of the asserted "counts" sought recovery for Mr. Bogar's alleged failure to repay the amount due on the Promissory Note. *Id.* at 4-6. The Statement of Claim's request for relief sought an award of the "principal owed as of December 7, 2015" in the amount of $107,819.56, together with fees and costs associated with the action. *Id.* at 6. The Statement of Claim did not request different or additional relief for each of its three substantive "counts."

Mr. Bogar did not appear in the FINRA arbitration. On September 28, 2016, FINRA arbitrator Neal D. Baker issued an award in favor of Ameriprise comprising $107,819.56 in compensatory damages, plus interest at the rate of 1.47% per annum from December 7, 2015 until the award is paid in full, and attorneys' fees and costs of $2,429.83. *See* Taaffe Decl, Ex. A (the "Award").

Mr. Bogar filed a petition to vacate the Award on September 16, 2016. Dkt. No. 1 (the

2

"Petition"). Ameriprise opposed the Petition on October 27, 2016, Dkt. No. 12, and Mr. Bogar replied on November 29, 2016, Dkt. No. 15. Ameriprise also filed a petition to confirm the Award on November 29, 2016, Dkt. No. 16, which Mr. Bogar opposed on December 9, 2016, Dkt. No. 17. In brief, the Petition argues that the arbitrator exceeded his powers in rendering the Award, and that the Award must therefore be vacated pursuant to 9 U.S.C. § 10(a)(4). The Court concludes that Mr. Bogar's asserted basis for vacatur do not support the relief requested, and the Petition must be denied. Moreover, inasmuch as denying a petition to vacate an arbitration award is tantamount to confirming it, Ameriprise's petition to confirm is granted.

## II. LEGAL STANDARD

"[T]o avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation, arbitral awards are subject to very limited review." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 588 (2d Cir. 2016) (quoting *Folkway Music Publishers., Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993) (internal quotation marks omitted)). Section 10(a) of the Federal Arbitration Act ("FAA") "sets forth specific grounds for vacating" an arbitration award. *Jock v. Sterling Jewelers Inc.,* 646 F.3d 113, 121 (2d Cir. 2011). Under that provision, an award may be vacated only under one of the following four circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). "Because the FAA supports a 'strong presumption in favor of enforcing arbitration awards . . . the policy of the FAA requires that the award be enforced unless one of those grounds is

3

affirmatively shown to exist.'" *Jock*, 646 F.3d at 121 (quoting *Wall Street Assocs., L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 848 (2d Cir. 1994)). In addition to the grounds for vacatur specified in § 10(a), there is an additional, "judicially-created ground, namely that an arbitral decision may be vacated when an arbitrator has exhibited a manifest disregard of law." *Id.* (citation and internal quotation marks omitted).

Section 10(a)(4) of the FAA allows a court to vacate an award "where the arbitrators exceeded their powers." *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 85 (2d Cir. 2009) (quoting 10 U.S.C. § 10(a)(4)). The Second Circuit has, however, "'consistently accorded the narrowest of readings' to this provision." *Id.* (quoting *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 262 (2d Cir. 2003)). A court's inquiry under § 10(a)(4) focuses on "whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, *not whether the arbitrators correctly decided that issue*." *Jock*, 646 F.3d at 122 (emphasis in original) (citation omitted).

In reviewing arbitration awards under § 10(a)(4) of the FAA, a court "will uphold an award so long as the arbitrator 'offers a barely colorable justification for the outcome reached.'" *Id.* (quoting *ReliaStar*, 564 F.3d at 86). As the Supreme Court has made clear, "[i]t is not enough . . . to show that the panel committed an error—or even a serious error. It is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) (internal citations and quotation marks omitted). "In other words, as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court's conviction that the arbitrator has committed serious error in resolving the disputed issue does not suffice to overturn his decision." *Jock*, 646 F.3d at 122 (quoting *ReliaStar*, 564 F.3d at 86).

4

## III. DISCUSSION

### A. Mr. Bogar's Petition to Vacate the Award

Mr. Bogar seeks vacatur of the Award under 9 U.S.C. § 10(a)(4) on two grounds. First, Mr. Bogar argues that the arbitrator exceeded his authority because he considered Respondent's claims of unjust enrichment and conversion in addition to its direct claim for breach of contract. Memorandum of Law in Support of Verified Petition to Vacate Arbitration Award (Dkt. No. 5) ("Pet. Mem.") at 3. Second, he argues that Respondent failed to submit to the arbitrator what he views as the requisite proof of non-payment on the Promissory Note required to justify relief under New York law. *Id.* at 4-5. Because neither of Mr. Bogar's asserted bases come close to clearing the "high hurdle" necessary to justify vacatur of the Award, *see Stolt-Nielsen*, 559 U.S. at 671, the Petition is denied.

#### 1. Alleged Violation of FINRA Rule

Mr. Bogar's first argument in support of vacatur is that in the FINRA arbitration, which proceeded under FINRA Rule 13806, the arbitrator was permitted to consider only Ameriprise's claim that he "failed to pay money owed on a promissory note." Pet. Mem. at 3. The arbitrator was not permitted, Mr. Bogar argues, to also consider what he terms Ameriprise's "additional claims" of "Unjust Enrichment and Conversion of Loan Funds." *Id.* The provision of Rule 13806 upon which Mr. Bogar relies to support this argument provides:

> This rule applies to arbitrations solely involving a member's claim that an associated person failed to pay money owed on a promissory note. To proceed under this rule, a claim may not include any additional allegations. Except as otherwise provided in this rule, all provisions of the Code apply to such arbitrations.

FINRA Rule 13806(a).

The contention implicit in Mr. Bogar's argument for vacatur on this ground is that the arbitrator's violation of a FINRA rule means that the arbitrator "exceeded [his] powers" within the

5

meaning of 9 U.S.C. § 10(a)(4). The Court need not consider whether and under what circumstances an arbitrator's violation of a FINRA rule could provide a basis for vacatur under § 10(a)(4) of the FAA, however, inasmuch as no such violation occurred here. Mr. Bogar does not contend that the arbitrator lacked the authority to decide Ameriprise's claim to the extent it was nominally pleaded as one for breach of a promissory note. As the text of the rule reproduced above indicates, Rule 13806 applies to arbitrations involving a member's claim that an associated person "failed to pay money owed on a promissory note." And that is precisely the nature of the dispute on which the Award is based. The Statement of Claim that Ameriprise submitted to FINRA stated that the arbitration sought "to recover $107,819.56 due and owing on [a] loan[ ]" that Ameriprise had made to Mr. Bogar, that the "loan was secured by a Promissory Note," and that Mr. Bogar had "failed and refuse to honor [his] obligations under the Note." Statement of Claim at 1. Ameriprise's pleading of alternative nominal causes of action does not remove its claim for recovery of the debt from the scope of Rule 13806; the basis for Ameriprise's claim was plainly "that an associated person failed to pay money owed on a promissory note." FINRA Rule 13806.

In any event, even if the arbitrator could not consider the alternative "claims," the Award must be sustained because the breach of contract claim—uncontested by Plaintiff—on its own provides a sufficient basis for the Award. An "arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citations and internal quotation marks omitted). Here, the Court can easily infer that the Award was based on Ameriprise's cause of action for breach of contract, and Mr. Bogar does not take issue with the arbitrator's power to reach that "count." As a result, Mr. Bogar's petition to vacate the Award on this basis is denied.

### 2. Alleged Insufficiency of Evidence at Arbitration

Mr. Bogar also argues that the Award must be vacated under FAA § 10(a)(4) because Ameriprise "did not submit to the Arbitrator any proof, authenticated or otherwise, of Petitioner's failure to make payment on the note." Pet. Mem. at 4. And "[i]n the absence of the requisite proof of non-payment, Respondent failed to establish a prima facie case for breach of the promissory note" under New York law. *Id* at 4-5. This argument is meritless. The arbitrator concluded, as a factual matter, that Mr. Bogar did not repay Ameriprise the amount due and owing on the Promissory Note. "An arbitrator's factual findings are generally not open to judicial challenge, and we accept the facts as the arbitrator found them." *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 213 (2d Cir. 2002) (citation omitted). And as noted above, an arbitration award must be enforced unless a ground for vacatur "is affirmatively shown to exist." *Jock*, 646 F.3d at 121 (citation and quotation marks omitted). Here, Mr. Bogar has not made any concrete showing that the arbitrator lacked sufficient evidence to support a finding of non-payment; indeed, he studiously avoids controverting the arbitrator's finding of non-payment in the verified Petition, for example, by affirming that he did in fact make the payment.[1] Mr. Bogar had the opportunity to appear at the arbitration hearing to contest the evidence presented to the arbitrator; he cannot undermine the arbitrator's conclusions here based on unsupported speculation. The petition to vacate the Award on this basis is also denied.

### B. Ameriprise's Petition to Confirm the Award

An arbitration award should be confirmed "unless the award is vacated, modified, or corrected." *D.H. Blair & Co.,* 462 F.3d at 110 (quoting 9 U.S.C. § 9); *accord DigiTelCom, Ltd. v. Tele2 Sverige AB*, No. 12-cv-3082 (RJS), 2012 WL 3065345, at *6 (S.D.N.Y. July 25, 2012). As courts have

---

[1] The Court observes that the Award reflects that Mr. Bogar did not enter an appearance at the arbitration, and that FINRA Rule 13806, the rule under which the arbitration proceeded, provides: "If the associated person does not file an answer, no initial prehearing conference or hearing will be held, and the arbitrator will render an award based on the pleadings and other materials submitted by the parties." Rule 13806(e)(1).

recognized, "[d]ue to the parallel natures of a motion to vacate and a motion to confirm an arbitration award, denying the former implies granting the latter." *L'Objet, LLC v. Limited*, No. 11-cv-3856 (LBS), 2011 WL 4528297, at *3 (S.D.N.Y. Sept. 29, 2011); *see also Sanluis Dev., L.L.C. v. CCP Sanluis, L.L.C.*, 556 F. Supp. 2d 329, 333 (S.D.N.Y. 2008) (a court should "treat a party's opposition to a motion to vacate as a request to confirm the award"). Accordingly, because the Court is denying Mr. Bogar's motion to vacate the arbitration award, Ameriprise's motion to confirm the award is granted.

## IV. CONCLUSION

For the reasons stated above, Mr. Bogar's petition to vacate the arbitration award is DENIED and Ameriprise's petition to confirm the award is GRANTED.

The Clerk of Court is requested to enter judgment in favor of Ameriprise and to close this case.

SO ORDERED.

Dated: May 4, 2017  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge